IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


BRUCE COTTON,                      )
                                   )
             Plaintiff,            )
                                   )
        v.                         )     1:09CV504
                                   )
EVANSTON INSURANCE COMPANY,        )
                                   )
             Defendant.            )


**MEMORANDUM OPINION AND ORDER**
**OF UNITED STATES MAGISTRATE JUDGE**

**Auld, Magistrate Judge**

The instant case comes before the Court on Defendant's Motion for Summary Judgment (Docket Entry 22). For the reasons that follow, the Court will grant Defendant's motion.[1]

Background

Plaintiff's claims arise from Defendant's refusal to pay the proceeds on a fire insurance policy covering Plaintiff's property located in Durham County, North Carolina. (See Docket Entry 4.)

Plaintiff, with the assistance of counsel, filed a Complaint in the General Court of Justice Superior Court Division of Durham County, North Carolina, alleging "Breach of Contract" (id., ¶¶ 13-18), "Unfair and Deceptive Trade Practices" (id., ¶¶ 19-26), and "any and all causes of action available to [him] against Defendant

---

[1] The parties consented to disposition of this case pursuant to 28 U.S.C. § 636(c). (See Docket Entry 9, ¶ 5(c).)

arising out of the same transactions" (id., ¶¶ 27-28). Defendant subsequently filed a Notice of Removal (Docket Entry 1), petitioning this Court for removal on the grounds of diversity of citizenship (id., ¶ 5).

After removal, the parties filed a Joint Rule 26(f) Report (Docket Entry 9) laying out an agreed-upon case management plan and consenting to jurisdiction by a magistrate judge (see id., ¶ 5(c)). Within four months of the parties' Joint Rule 26(f) Report, Plaintiff's counsel filed a Motion to Withdraw (Docket Entry 14) (subsequently granted by this Court (see Docket Entry 15)) noting that "Plaintiff ha[d] not complied with the terms of the Contract for Representation entered into between the attorney and the client" and "the best interests of the Plaintiff dictate that [counsel] withdraw as attorney of record for the [Plaintiff] in this [action]" (Docket Entry 14, ¶¶ 1-2).

In light of this withdrawal, the Court noticed a hearing "to inquire as to plaintiff's pro se status" (Docket Entry 16 at 1), said Notice indicating specifically that "plaintiff is required to appear" (id.). Despite this language, Plaintiff failed to appear at the hearing as required. (See Docket Entry dated Feb. 17, 2010.)

The Court later sent Plaintiff notice of a scheduled Initial Pretrial Conference (Docket Entry 19), this time indicating that "Plaintiff Bruce Cotton is cautioned that he must appear at the

hearing or suffer dismissal of his case." (Docket Entry 19 at 1.) Plaintiff appeared *pro se* and made a motion to continue the hearing in order to hire an attorney. (See Docket Entry dated May 19, 2010.) The Court granted said motion, continuing the Initial Pretrial Conference for more than two months. (See id.) Thereafter, Plaintiff failed to appear at the rescheduled Initial Pretrial Conference, sending instead a friend who indicated that Plaintiff was unable to attend due to an illness in the family, though apparently providing no explanation for Plaintiff's failure to retain counsel. (See Docket Entry dated June 30, 2010.)

Prior to the rescheduled Initial Pretrial Conference, Defendant had filed a Notice of Requests for Admission Being Deemed Admitted by Plaintiff (Docket Entry 20), indicating that Plaintiff had failed to respond to Defendant's Requests for Admissions more than 62 days after said requests were originally served. In that filing, Defendant referenced the relevant provision of the Federal Rules of Civil Procedure, which states: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney," Fed. R. Civ. P. 36(a)(3). (Id., ¶ 5.) In light of Plaintiff's default admissions, and after Plaintiff failed to appear at the rescheduled Initial Pretrial Conference, Defendant filed the instant motion for summary judgment, moving the Court to

-3-

find for Defendant "on the grounds that there is no genuine issue of material fact and [] Plaintiff's claims should be dismissed as a matter of law" (Docket Entry 22 at 1).

The Clerk mailed Plaintiff a letter explaining that he had "the right to file a 20-page response in opposition to [Defendant's instant motion] . . . accompanied by affidavits setting out [his] version of any relevant disputed material facts or [by] . . . other responsive material." (Docket Entry 24 at 1.) The letter specifically cautioned Plaintiff that "unless you file a response in opposition to the defendant's motion, it is likely your case will be dismissed or summary judgment granted in favor of the defendant." (Id.)

Plaintiff has not responded to the instant Motion. (See Docket Entries dated July 21, 2010, to present.)

Discussion

Plaintiff's case warrants a finding of summary judgment for Defendant both because of Plaintiff's failure to respond to the instant motion for summary judgment and because, in light of Plaintiff's earlier failure to respond to Defendant's Requests for Admissions, no genuine issue of material fact exists and Defendant has shown entitlement to judgment as a matter of law under Fed. R. Civ. P. 56.

Under this Court's Local Rules, failure to respond to a motion generally warrants granting of the relief requested. See M.D.N.C.

-4-

R. 7.3(k). There is no reason to depart from the general rule in this case. The Court specifically warned Plaintiff that his failure to respond to Defendant's instant Motion would likely lead to a dismissal or a finding of summary judgment for Defendant. (See Docket Entry 24 at 1.) Furthermore, Plaintiff has consistently failed to take the necessary steps to prosecute his action and has offered no explanation to the Court for those shortcomings.

Additionally, under Fed. R. Civ. P. 36(a)(3), Plaintiff's failure to respond to Defendant's Requests for Admissions in a timely fashion has resulted in the de facto admission of the facts contained therein. In this case, pursuant to Fed. R. Civ. P. 36(b), said admissions "conclusively establish" that Plaintiff, *inter alia*, failed to formally initiate a claim with Defendant (see Docket Entry 23-3 at 10-11) and that the fire which destroyed the property in question was "not caused by an accident" and was "intentionally set" by an individual or individuals "at [Plaintiff's] direction or with [Plaintiff's] consent" (id. at 12-13). It is also conclusively established that, "[t]he allegations in [Plaintiff's] [C]omplaint, under the heading 'Second Cause of Action' relating to [Plaintiff's] claim for unfair or deceptive trade acts or practices, are groundless in that Defendant has not engaged in any unfair or deceptive act or practice in regards to [Plaintiff's] claim." (Id. at 12.) In light of these admissions,

-5-

the Court finds no genuine issue of material fact with respect to Plaintiff's claims for breach of contract and unfair and deceptive trade practices and will enter judgment as a matter of law for Defendant under Fed. R. Civ. P. 56.

## Conclusion

In this case, no reason exists to depart from the general rule that a party's failure to respond to a motion warrants granting of the relief requested by movant – in this instance summary judgment. See M.D.N.C. R. 7.3(k). Furthermore, Plaintiff's failure to respond to Defendant's Requests for Admissions conclusively establishes the facts of the case in favor of Defendant under Fed. R. Civ. P. 36 and, therefore, there is no genuine issue of material fact and Defendant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a).

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment (Docket Entry 22) is **GRANTED.**

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

December 21, 2011